10-2079-pr
Lopez v. Terrell

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

————————————————

August Term, 2010

(Argued: April 29, 2011                    Decided: July 13, 2011)

Docket No. 10-2079-pr
————————————————

FRANK LOPEZ,

*Petitioner-Appellee*,

*-v.-*

DUKE TERRELL, as Warden, Metropolitan Correctional Center, New York, JOE NORWOOD, as Regional Director, Northeast Region, Federal Bureau of Prisons,

*Respondents-Appellants*.

————————————————

Before:

NEWMAN, CALABRESI, HALL, *Circuit Judges.*
————————————————

Appeal from a judgment of the United States District Court for the Southern District of New York (Holwell, *J.*), granting Frank Lopez's 28 U.S.C. § 2241 petition for a writ of habeas corpus. On appeal, the Federal Bureau of Prisons ("BOP") argues that its decision not to award Good Conduct Time under 18 U.S.C. § 3624(b) for presentence time credited to another sentence is consistent with federal sentencing law and should be accorded deference. We conclude that

1

the BOP's interpretation of 18 U.S.C. § 3624(b) is persuasive under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), and defer to the agency's interpretation. We therefore REVERSE the judgment of the district court and REMAND with instructions to dismiss the petition.

REVERSED AND REMANDED.

Judge Calabresi concurs in a separate opinion.

————————————————

MICHAEL J. BYARS, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, *for Respondents-Appellants*.

JOSHUA W. SUSSMAN (Roberto Finzi and Robert A. Weinstock, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, New York, *for Petitioner-Appellee*.

————————————————

HALL, *Circuit Judge*:

Petitioner-Appellee Frank Lopez challenges the manner by which the Federal Bureau of Prisons ("BOP") calculates Good Conduct Time ("GCT") under 18 U.S.C. § 3624(b). Lopez maintains he should be eligible to receive GCT for the 94 months he spent in state and federal custody prior to the date on which he was sentenced in district court (in addition to his time in custody following sentencing), even though those 94 months were credited to a prior state sentence. The BOP disagrees, asserting that Lopez can accrue GCT only as to the 38 months he spent in custody after he was sentenced.

This appeal presents, therefore, a question of statutory interpretation: whether 18 U.S.C. § 3624(b), which provides that an inmate may receive GCT "toward the service of the prisoner's sentence . . . of up to 54 days at the end of each year of the prisoner's term of imprisonment," permits the award of GCT for presentence custody served by an inmate that, under 18 U.S.C. §

2

3585(b), cannot be credited to the defendant's federal sentence. The district court (Holwell, *J.*), agreeing with Lopez, held that the phrase "term of imprisonment" under 18 U.S.C. § 3624(b) means—and that an inmate can accrue GCT for—the total time served for a federal offense, both before and after sentencing, regardless of whether the inmate's presentence custody is credited to another sentence. The BOP challenges this ruling. It contends that as used in § 3624(b), an inmate's "term of imprisonment" is coterminous with his or her federal sentence as defined under 18 U.S.C. § 3585, such that he or she is eligible for GCT only as to the period of incarceration following the date of sentencing, as well as for any presentence custody credited to that period under § 3585(b).

We conclude that the BOP's interpretation of 18 U.S.C. § 3624(b) is persuasive under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), and defer to the agency's interpretation. We therefore REVERSE the judgment of the district court granting Frank Lopez's 28 U.S.C. § 2241 petition for a writ of habeas corpus and REMAND with instructions to dismiss the petition.

## BACKGROUND

I.      The Statutory Framework Governing Good Conduct Time

We are concerned here principally with the interpretation and interaction of two statutes. The first, 18 U.S.C. § 3624(b), governs GCT, and provides in part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1).  The second, 18 U.S.C. § 3585, titled, "Calculation of a term of imprisonment," provides in full:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id.*   Under § 3585(b), therefore, the BOP may grant a defendant "credit" against his federal sentence for time served in custody prior to sentencing in district court so long as that presentence custody "has not been credited against another sentence."  18 U.S.C. § 3585(b); *see United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence."). If a defendant's presentence custody *has* been credited to another sentence, no § 3585(b) credit is available, but the Sentencing Guidelines provide a functional equivalent.  Under the version of the Guidelines applicable in this case, when sentencing a defendant with an undischarged term of imprisonment "that ha[s] fully been taken into account in the determination of the offense level" for the defendant's instant offense, *see* U.S.S.G. § 5G1.3(b), a district court:

> [S]hould adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons. . . .  For clarity, the

4

> court should note on the Judgment in the Criminal Case Order that the sentence imposed is not a departure from the guideline range because the defendant has been credited for guideline purposes under § 5G1.3(b) . . . [for time] served in state custody that will not be credited to the federal sentence under 18 U.S.C. § 3585(b).

U.S.S.G. § 5G1.3(b), cmt. n.2 (2000); *see United States v. Gonzalez*, 192 F.3d 350, 354 (2d Cir. 1999) (holding that because the defendant's presentence custody was credited to his state sentence, no § 3585(b) credit was available; thus, U.S.S.G. § 5G1.3(b) applied). Section 5G.13(b) of the Guidelines therefore applies where a "defendant faces punishment for the same criminal conduct in two prosecutions[,] . . . [and] ensures that the defendant receives 'credit' for time already served to eliminate double punishment." *United States v. Fermin*, 252 F.3d 102, 109 (2d Cir. 2001) (citing *Witte v. United States*, 515 U.S. 389, 404-05 (1995)).

## II. The Facts and Procedural History

On August 11, 2000, Lopez was arrested in the Bronx, New York, for selling crack cocaine, and was charged by the State of New York with criminal sale of a controlled substance in the third degree. Lopez pled guilty to that charge in November 2000 and was sentenced to an indeterminate term of four and one-half to nine years imprisonment. In November 2004, after serving four years and three months in state custody, Lopez was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum, and in April 2005, Lopez was indicted by a federal grand jury on one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A). The only overt act specified in the federal indictment was Lopez's August 11, 2000, sale of crack cocaine—the same offense for which he had earlier been convicted in state court.

5

Lopez pled guilty to the federal charge on September 27, 2007, and was sentenced on June 19, 2008; as of that date, Lopez was still serving his state sentence. The district court (Holwell, *J.*) determined at sentencing that Lopez was eligible for a 94-month adjustment under U.S.S.G. § 5G1.3(b) based on his presentence custody, since his prior state conviction qualified as relevant conduct with respect to his federal offense. (Because Lopez's presentence custody was credited to his state sentence, no § 3585(b) credit was available.) The court thus imposed a 132-month term of imprisonment to run concurrent with Lopez's state conviction, "with a credit for time served in state and federal custody from [August] 11, 2000." The district court clarified in its written judgment that the term of imprisonment was 132 months, minus 94 months for time already served, which resulted in an actual term of 38-months imprisonment. After sentencing, Lopez was remanded to state custody to serve the remaining portion of his undischarged state sentence, which he completed on December 31, 2008. He then returned to federal custody to complete his federal sentence.

In early 2009, Lopez discovered that the BOP had calculated his release date as March 22, 2011, based on its determination that he was eligible for GCT only as to the 38 months he served following his date of sentencing in district court. Lopez challenged this calculation in a letter submitted to the BOP, asserting that because the district court had sentenced him to 132-months imprisonment on his federal conviction, he should be eligible for GCT for the entirety of that 132-month term—i.e., from his arrest on August 11, 2000, onward. In a letter dated March 27, 2009, BOP Assistant General Counsel Sonya Cole explained that based on the agency's interpretation of 18 U.S.C. § 3585(a), the earliest date a federal sentence could commence was the date of imposition, which meant, for purposes of calculating Lopez's GCT, that the relevant

6

term of imprisonment was 38 months. Dissatisfied with this response, Lopez filed a complaint through the BOP's Administrative Remedy Program ("ARP"), which was denied initially by the prison warden, and on appeal by the BOP Regional Office. In a written decision dated July 23, 2009, the BOP Regional Director explained that the agency interpreted 18 U.S.C. § 3624(b) to permit the award of GCT "only for time actually served rather than on the sentence imposed[,]" which meant that Lopez was eligible for GCT only for the 38 months following the date on which he was sentenced in district court, and not for his 94 months of presentence custody. The Regional Director noted that the BOP had promulgated its interpretation of § 3624(b) under 28 C.F.R. § 523.20.

Thereafter, Lopez filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus challenging the BOP's interpretation of § 3624(b); the district court granted the petition in March 2010. The court held that the agency's interpretation was unpersuasive under *Skidmore*, 323 U.S. 134, and was not entitled to deference because it conflicted with 28 C.F.R. § 523.17 (another agency regulation governing presentence custody) and did not rely on any particular agency expertise. Construing § 3624(b) in the first instance, therefore, the district court concluded that for purposes of calculating GCT, the phrase "term of imprisonment" in that statute "encompass[ed] all of the time a prisoner serves for the federal offense, whether before or after the sentence date, and, if before the sentence date, whether credited under 18 U.S.C. § 3585(b) or U.S.S.G. § 5G1.3." The court thus ordered the BOP to compute Lopez's GCT beginning from his initial date of incarceration on August 11, 2000, and, after factoring in his disciplinary record while in state and federal custody, this resulted in the advancement of

7

Lopez's release date by approximately eight months.[1]  Lopez was subsequently released from prison, but the BOP has asserted the right, pending this appeal, to re-incarcerate him for the remaining period of his sentence which the agency asserts he owes.[2]

## DISCUSSION

We review *de novo* a district court's ruling on a 28 U.S.C. § 2241 petition.  *See Gueits v. Kirkpatrick*, 612 F.3d 118, 122 (2d Cir. 2010).  The BOP asserts that the district court erred by not deferring to its interpretation of 18 U.S.C. § 3624(b), which the agency maintains is consistent with federal sentencing law.  Lopez counters that the BOP's construction of the statute is not persuasive, and urges us to affirm the judgment below for substantially the same reasons identified by the district court in its decision granting his § 2241 petition.  We determine first the appropriate level of deference to afford the agency's interpretation, and we then address Lopez's specific challenges to that interpretation.

I.      Agency Deference

Because the BOP is the agency charged with implementing § 3624(b), whether and to what extent we should defer to the BOP's interpretation turns first on whether the statute is ambiguous.  *See Sash v. Zenk*, 428 F.3d 132, 135 (2d Cir. 2005) ("*Chevron* . . . instructs us to defer to the BOP's interpretation if the statute is ambiguous.") (citing *Chevron, U.S.A., Inc. v.*

---

[1] The district court also rejected the BOP's argument that Lopez had failed to properly exhaust his administrative remedies.  Because the BOP does not pursue this argument on appeal, it is deemed abandoned.  *See Sledge v. Kooi*, 564 F.3d 105, 106 n.1 (2d Cir. 2009) (issues not raised on appeal are deemed abandoned) (citing *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)).

[2] That Lopez has been released from prison does not divest us of jurisdiction; he is still "in custody" for purposes of 28 U.S.C. § 2241 because he remains subject to the conditions of his supervised release.  *See Dixon v. Miller*, 293 F.3d 74, 78 (2d Cir. 2002).

*Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984)).  Our analysis begins with the statutory language.

A.      *Chevron* Deference

The parties contest the definition of "term of imprisonment" as used in the phrase, "[a prisoner] may receive credit toward the service of the prisoner's sentence . . . of up to 54 days at the end of each year of the prisoner's *term of imprisonment*[.]"  18 U.S.C. § 3624(b) (emphasis added).  Lopez asserts (and the district court agreed) that "term of imprisonment" means the total amount of time an inmate must serve in prison for a federal offense, both before and after sentencing, regardless of whether the inmate receives a "credit" under 18 U.S.C. § 3585(b) or an "adjustment" under U.S.S.G. § 5G1.3(b).  The BOP counters that a "term of imprisonment" is coterminous with an inmate's federal sentence as defined under 18 U.S.C. § 3585(a), such that GCT can be awarded for presentence custody "credited" under § 3585(b), but not for presentence custody "adjusted" under U.S.S.G. § 5G1.3(b). Because both of these interpretations are facially consistent with the language of the statute, and because the statute itself offers no clear definition for "term of imprisonment," we have no difficulty concluding that § 3624(b) is ambiguous.  Indeed, we have already reached this conclusion, albeit in a different context.  *See Sash*, 428 F.3d at 136 ("We join our sister circuits in holding that § 3624(b) is ambiguous[.]");[3]

---

[3] *Sash* concerned whether 18 U.S.C. § 3624(b)'s provision that an inmate may receive "up to 54 days [of GCT] at the end of each year of the prisoner's term of imprisonment" meant that the inmate should accrue those 54 days "for each year served," as urged by the BOP, or "for each year of the sentence imposed," as urged by the petitioner.  *See Sash*, 428 F.3d at 134 (emphasis omitted).  Joining our sister circuits, we held in *Sash* that § 3624(b) was ambiguous with respect to this issue and granted *Chevron* deference to the BOP's interpretation, which had been promulgated under 28 C.F.R. § 523.20.  *See id.* at 136.  In *Barber*, the Supreme Court held—consistent with *Sash*—that the BOP's interpretation was entitled to *Chevron* deference. *See Barber*, 130 S. Ct. at 2509.  Neither *Sash* nor *Barber* control the instant appeal, however,

*cf. Barber v. Thomas*, 130 S. Ct. 2499, 2506 (2010) (observing that § 3624(b) "uses the same phrase 'term of imprisonment' in two different ways").

Because § 3624(b) is ambiguous, the BOP asserts that we must, under *Chevron*, defer to its interpretation of the statute as set forth in 28 C.F.R. § 523.20, which the agency identifies as its implementing regulation. *See generally United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001) ("[A]dministrative implementation of a particular statutory provision qualifies for *Chevron* deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority."); *accord De La Mota v. U.S. Dep't of Educ.*, 412 F.3d 71, 79 (2d Cir. 2005). That regulation, titled "Good Conduct Time," provides in relevant part that "[f]or inmates serving a sentence . . . , the Bureau will award . . . 54 days credit for each year served[.]" 28 C.F.R. § 523.20(c)(1). The BOP contends that § 523.20 was promulgated to reflect the agency's "approach to administering a 'sentence' . . . [as] provid[ing] prior-custody credit where permitted by § 3585 and, in section 5G1.3(b) cases, to administer the adjusted sentence as it was imposed by the sentencing court." It further asserts that § 523.20 helpfully "eliminates th[e] ambiguity [in 18 U.S.C. § 3624(b)] by eliminating the phrase 'term of imprisonment,' casting the BOP's good conduct rule exclusively in terms of the 'sentence.'"

We are not convinced by the agency's arguments. Although "the framework of deference set forth in *Chevron* . . . appl[ies] to an agency interpretation contained in a regulation," *Christensen v. Harris Cnty*, 529 U.S. 576, 587 (2000), where the regulation identified by the

_____

because "the precise question at issue," *Chevron*, 467 U.S. at 842, in those cases is distinguishable from the one here.

10

agency does not speak to the statutory ambiguity at issue, *Chevron* deference is inappropriate, *see id.* at 587-88 (declining to afford *Chevron* deference to agency regulation that did "not address" the dispositive issue in that case). Such is the case here. Contrary to the agency's assertion, § 523.20 provides little guidance to interpret "term of imprisonment" as used in 18 U.S.C. § 3624(b)—indeed, the regulation does not even mention that phrase. And while the BOP urges that the word "sentence" in § 523.20 clarifies that "term of imprisonment" must refer to an inmate's federal sentence as defined under 18 U.S.C. § 3585(a), this construction unfairly strains the regulation's plain (and sparse) language. Most importantly, the agency's interpretation of § 523.20 is contradicted by its own announcement in the Federal Register, published at the time the regulation was promulgated. There, the agency made clear that it was issuing § 523.20, not for the purpose of defining "term of imprisonment" in the context of calculating GCT under 18 U.S.C. § 3624(b), but for the limited and *unrelated* purpose of implementing certain provisions of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796, 1828-29 (1994), and the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321, 1321-66, 1321-76 (1995), which keyed accrual of GCT to an inmate's satisfactory progress toward earning a General Educational Development ("GED") credential. *See* Good Conduct Time, 62 Fed. Reg. 50786 (Sept. 26, 1997).

Because we reject the BOP's reliance on 28 C.F.R. § 523.20 as the basis for its construction of 18 U.S.C. § 3624(b), the agency interpretation at issue here is contained only in Sonya Cole's March 2009 letter and the July 2009 ARP Decision by the BOP Regional Director. Cole's letter is not entitled to *Chevron* deference. *See Christensen*, 529 U.S. at 587-88 (holding

11

that agency interpretations contained in informal opinion letters are not entitled to *Chevron*

deference); *accord Nathel v. C.I.R.*, 615 F.3d 83, 93 (2d Cir. 2010). The ARP Decision presents

a closer question. *Christensen* "made clear that 'interpretations contained in policy statements,

agency manuals and enforcement guidelines . . . do not warrant *Chevron* style deference.'" *De

La Mota*, 412 F.3d at 79 (quoting *Christensen*, 529 U.S. at 587). By comparison, interpretations

derived from agency lawmaking—which would fall within the ambit of *Chevron*—are typically

those "pronouncements . . . [which are] binding on third parties and . . . [originate] in a notice-

and-comment fashion." *Id.* at 79 (citing *Mead*, 533 U.S. 218). We conclude that the

interpretation of 18 U.S.C. § 3624(b) set forth in the July 2009 ARP Decision falls within the

former category. It is clearly not the product of a notice-and-comment procedure, since it

originated from Lopez's administrative complaint, nor is it binding on any party other than

Lopez himself. We therefore decline to afford *Chevron* deference to the BOP's interpretation of

18 U.S.C. § 3624(b).

B.    *Skidmore* Deference

Where *Chevron* deference is not appropriate, we will defer to an agency's interpretation

"only to the extent that it has the power to persuade." *Catskill Dev., L.L.C. v. Park Place Entm't

Corp.*, 547 F.3d 115, 127 (2d Cir. 2008) (citing *Christensen*, 529 U.S. at 587). Under

*Skidmore*'s less deferential standard, the weight afforded an agency interpretation depends "'on

the thoroughness evident in its consideration, the validity of its reasoning, its consistency with

earlier and later pronouncements, and all those factors which give it power to persuade, if

lacking power to control.'" *Natural Res. Def. Council, Inc. v. F.A.A.*, 564 F.3d 549, 564 (2d Cir.

2009) (quoting *Skidmore*, 323 U.S. at 140) (alteration in *Natural Res. Def. Council* omitted). In

12

applying *Skidmore*, we "construe the statute in the first instance, giving effect to [the agency's] interpretation to the extent we find it persuasive." *Estate of Landers v. Leavitt*, 545 F.3d 98, 105 (2d Cir. 2008).

Because the meaning of "term of imprisonment" is unclear, the BOP maintains that the phrase must be understood within the context of the statute as a whole and, in particular, in reference to the word "sentence" in the preceding phrase, "a prisoner . . . may receive credit toward the service of the prisoner's *sentence*". 18 U.S.C. § 3624(b)(1) (emphasis added). And unlike "term of imprisonment," the agency urges that under 18 U.S.C. § 3585 "sentence" has a clear and accepted definition under federal law. It contends, therefore, that because § 3624(b) links accrual of GCT to a prisoner's sentence, and because a defendant's federal sentence is defined in § 3585, that latter statute should inform how GCT is calculated. Applying this interpretation here, the BOP calculated Lopez's GCT based solely on the 38 months of imprisonment he served following the date of sentencing because under § 3585(a), this term of imprisonment constituted Lopez's federal sentence. The agency excluded from its GCT calculation the 94 months of imprisonment Lopez served in state and federal custody prior to sentencing, reasoning that under § 3585(b), those months of imprisonment could not form part of Lopez's federal sentence because they had already been credited to his state sentence.

We find the BOP's construction of 18 U.S.C. § 3624(b) persuasive. The agency's contextual approach aligns with traditional canons of statutory interpretation. *See Frank G. v. Bd. of Educ.*, 459 F.3d 356, 370-71 (2d Cir. 2006) (observing that to resolve an ambiguity in a statute, a court should "focus upon the broader context") (internal quotations and citations omitted); *see also Barber*, 130 S. Ct. at 2506-07 (relying on the context of 18 U.S.C. § 3624(b)

13

to determine the meaning of "term of imprisonment").  A defendant's "sentence" is well-defined under federal law as the period of incarceration that "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a); *see United States v. Luna-Reynoso*, 258 F.3d 111, 116-17 (2d Cir. 2001) (relying on § 3585(a) to define a defendant's federal sentence); *accord Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010) (same); *United States v. Hayes*, 535 F.3d 907, 909-10 (8th Cir. 2008) (same); *Moreno-Cebrero v. Gonzales*, 485 F.3d 395, 399 (7th Cir. 2007) (same); *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007) (same).  Because § 3624 makes clear that GCT is earned "toward the service of the prisoner's sentence," 18 U.S.C. § 3624(b)(1), the most natural reading of the statute is that a defendant is eligible for GCT only as to the "term of imprisonment" which constitutes the defendant's federal sentence as defined by § 3585, a construction which, significantly, preserves a consistent definition of "sentence" in both § 3624(b) and § 3585(a).  *Cf. Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995) ("[I]dentical words used in different parts of the same Act are intended to have the same meaning."); *Gozlon-Peretz v. United States*, 498 U.S. 395, 407-08 (1991) (noting that "[i]t is not uncommon to refer to other, related legislative enactments when interpreting specialized statutory terms," since Congress is presumed to have "legislated with reference to" those terms).

In practice, this means in the ordinary course that a defendant is eligible for GCT as to each year served on the sentence imposed by the district court.  Where an inmate is in custody prior to being sentenced, two possible scenarios arise.  In the first, if a defendant is arrested for a federal offense and placed in presentence custody, the BOP will typically grant the defendant a

14

credit against his sentence under 18 U.S.C. § 3585(b) for that period, but the agency is only empowered to do so after the district court has imposed its sentence. *See United States v. Wilson*, 503 U.S. 329, 333 (1992) ("Congress has indicated that computation of the credit [under 18 U.S.C. § 3585(b)] must occur after the defendant begins his sentence."); *accord United States v. Waters*, 84 F.3d 86, 90 (2d Cir. 1996) (citing *Wilson*, 503 U.S. at 333); *see also Wilson*, 503 U.S. at 335 ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); *Luna-Reynoso*, 258 F.3d at 117 ("[T]he credit to be granted a defendant under § 3585(b) for time during which he was held in federal custody prior to sentencing is administered by the Bureau of Prisons."). Because a § 3585(b) credit is awarded after sentencing, the credit has no effect on the sentence imposed by the district court; the BOP simply advances the ultimate date of release by subtracting from that date the period of time the defendant spent in presentence custody. *Cf. Pepper v. United States*, 131 S. Ct. 1229, 1248 n.14 (2011) ("An award of good time credit by the [BOP] does not affect the length of a court-imposed sentence[.]"). When the BOP calculates GCT, therefore, it will include the time spent in custody following the date of sentencing as well as any period of presentence custody credited under § 3585(b), since both periods, in combination, constitute the defendant's federal sentence.

In contrast, the second scenario arises when a defendant is convicted and sentenced in state court, and, while serving his state sentence, is indicted federally and sentenced in district court for an offense for which the relevant conduct includes his prior state conviction. Under these circumstances (which are analogous to the instant case), because the defendant's presentence custody has already "been credited against another sentence"—namely, the

15

defendant's state sentence—the agency is prohibited from crediting that time against his federal sentence. 18 U.S.C. § 3585(b); *see Gonzalez*, 192 F.3d at 354 (holding that presentence custody credited to a defendant's state sentence cannot be credited to a defendant's federal sentence). To ensure that the defendant does not "face[] punishment for the same criminal conduct in two prosecutions," *Fermin*, 252 F.3d at 109, however, the Sentencing Guidelines instruct the district court to adjust the defendant's federal sentence based on the time already served on his state sentence, since that period of custody cannot be credited by the BOP under § 3585(b), U.S.S.G. § 5G1.3(b), cmt. n.2 (1999). When the BOP calculates GCT, therefore, it will count *only* the period of incarceration following the date of sentencing in district court because that term of imprisonment constitutes the defendant's federal sentence. *See Labeille-Soto*, 163 F.3d at 98 (under 18 U.S.C. § 3585(a), a federal sentence cannot commence prior to the date on which it is imposed). The agency will *not* award GCT for any presentence time in custody adjusted under U.S.S.G. § 5G1.3(b) because that time does not constitute part of the defendant's federal sentence having already been credited to the defendant's state sentence. *See* 18 U.S.C. § 3585(b); *Gonzalez*, 192 F.3d at 354.

We are persuaded by this reasoning. Although no express statutory language requires that § 3624(b) be read in tandem with § 3585, the above demonstrates that the agency's approach is a
valid and convincing construction of the statute, and is consistent with federal sentencing law. *See Skidmore*, 323 U.S. at 140. Indeed, we note that the Ninth Circuit has recently reached this same conclusion on facts substantially identical to those in this case. *See Schleining v. Thomas*, No. 10-35792, 2011 WL 2519548 at *4 (9th Cir. June 27, 2011) ("Because a prisoner can

16

receive GCT credit only on time served on his federal sentence, and his federal sentence does not 'commence' until after he has been sentenced in federal court, Schleining is not eligible for GCT credit for the 21 months he spent in state custody—serving a state sentence—before imposition of his federal sentence."). We disagree, therefore, with the district court's ruling to the contrary.

The lower court rejected this approach principally because it concluded that the agency's construction of 18 U.S.C. § 3624(b) was inconsistent with 28 C.F.R. § 523.17(*l*), which the court viewed as permitting the award of GCT for periods of detention preceding the defendant's federal sentencing date. This was incorrect. Section 523.17(*l*), which provides that "[a] pretrial detainee . . . may be recommended for good time credit," falls under Subpart B, Part 523 of Title 28 of the Code of Federal Regulations—titled "Extra Good Time"—pursuant to which "[t]he Bureau of Prisons awards extra good time credit for performing exceptionally meritorious service, or for performing duties of outstanding importance or for employment in an industry or camp." 28 C.F.R. § 523.10(a). While the district court relied on § 523.17(*l*) to hold—contrary to the agency's interpretation of § 3624(b)—that the BOP did in fact award GCT for pretrial detention that did not constitute part of an inmate's federal sentence, Subpart B, Part 523 makes clear that "inmates sentenced under the Sentencing Reform Act provisions for offenses committed on or after November 1, 1987 *are not eligible* for . . . extra good time, but may be considered for a maximum of 54 days of good conduct time credit per year (see 18 U.S.C. § 3624(b))." 28 C.F.R. § 523.10(b) (emphasis added). Indeed, as the Supreme Court observed in *Barber*, with the enactment of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987, "Congress sought to achieve both increased sentencing uniformity and greater honesty by 'mak[ing] all sentences basically determinate,'" 130 S. Ct. at 2505 (quoting *Mistretta v. United*

17

*States*, 488 U.S. 361, 367 (1989)), with the result that "the sentence the judge imposed would be the sentence the offender actually served, *with a sole statutory exception for good time credits* [under 18 U.S.C. § 3624(b)]," *id.* (citing *Mistretta*, 488 U.S. at 367) (emphasis in original). Accordingly, because Lopez was sentenced under the Sentencing Reform Act, he was eligible only for GCT as defined by § 3624(b). Section § 523.17(*l*) of Title 28 of the Code of Federal Regulations, which exclusively governs "extra good time," was inapplicable to that calculation.[4]

That said, we recognize a certain tension between some of the institutional concerns the agency identifies and its construction of § 3624(b); this does not make its interpretation unpersuasive, however. One of the rationales advanced by the agency is that to award GCT for presentence custody adjusted to another sentence under U.S.S.G. § 5G1.3(b) would impose an undue administrative burden, because it would compel the BOP to monitor and assess disciplinary records from institutions outside its control. At first glance, this reasoning appears to undermine the agency's construction. Lopez spent nearly four years in federal custody prior to his sentencing in district court, for which he did not receive GCT, and after sentencing, he spent six months in state custody, for which he did receive GCT. Were we to credit the agency's

---

[4] As the district court noted, we previously observed in *Payton* that under "28 C.F.R. § 523.17(*l*), pretrial detainees may be recommended for good time credit for the time spent in pretrial custody." *United States v. Payton*, 159 F.3d 49, 62 (2d Cir. 1998). The district court relied on *Payton* to support its conclusion that under that regulation, the BOP awards GCT for time spent in pretrial detention, despite the limitations imposed by 18 U.S.C. § 3585(b). *Payton* did not distinguish between GCT and "extra good time," however, and on its face, § 523.17(*l*) applies only to the latter. Regardless, to the extent *Payton* can be read as suggesting that, based on § 523.17(*l*), the BOP awards GCT to pretrial detainees, following *Barber*, it is clear that the sole statutory exception to the sentence imposed by the district court is the award of GCT as defined under 18 U.S.C. § 3624(b). *See Barber*, 130 S. Ct. at 2505. Extra good time, and § 523.17(*l*), therefore, has no bearing on the calculation of GCT.

18

rationale, the inverse should be true, since there is little question that the BOP's administrative burden is significantly reduced if an inmate is in federal custody.

This is not the only relevant consideration, however. Although it may be more difficult for the BOP to monitor an inmate's conduct when he or she is in state custody, if the agency has advance knowledge that such custody constitutes part of the inmate's federal sentence, there is a clear incentive for it to do so. Here, because the district court ordered that Lopez's federal sentence run concurrently with his undischarged state prison term, the BOP knew from the date of sentencing that any time Lopez spent in state custody from that point forward formed part of his federal sentence. Thus, the agency had an incentive to monitor Lopez's behavior during the six months he spent in state custody following sentencing because it was aware that he was eligible for GCT during that period. *See also Schleining*, No. 10-35792, 2011 WL 2519548 at *4 (observing that limiting the award of GCT to an inmate's federal sentence "not only tracks the language of § 3585(a) and § 3624(b)(1); it also makes practical sense" because it puts "the BOP on notice of its responsibility either to house the prisoner itself or to monitor his continued incarceration in state prison"). By contrast, the BOP had no incentive to monitor contemporaneously Lopez's behavior during the time he spent in state custody prior to sentencing. To require the agency to investigate and assess Lopez's disciplinary record for that time—well after that period had passed—would impose a significant administrative burden, avoidance of which does justify, in part, the BOP's approach to calculating GCT. *See id.* at *5 (noting that this contrary rule "would pose significant administrative difficulties for the BOP, which would be forced to award GCT credit to prisoners for a period of time when the BOP

19

might have been unaware of the prisoner's existence or behavior and unable to monitor the prisoner or the state prison in which he was housed").

## II. Lopez's Arguments

Lopez challenges the BOP's interpretation of 18 U.S.C. § 3624(b) on three principal grounds. He first contends that the BOP applies two different meanings of "term of imprisonment" depending on whether a defendant receives a credit under § 3585(b) or an adjustment under U.S.S.G. § 5G1.3(b). In the former, he asserts that the BOP construes "term of imprisonment" to include time served prior to sentencing, and in the latter, he asserts that the agency restricts "term of imprisonment" to only the term served after sentencing. We reject this argument. As already discussed, *see supra* at 12-14, the agency uniformly construes "term of imprisonment" as coterminous with a defendant's federal sentence. That this definition results in the award of GCT for presentence custody where a defendant receives a § 3585(b) credit, but not where a defendant receives a U.S.S.G. § 5G1.3(b) adjustment, does not mean that the agency's construction of 18 U.S.C. § 3624(b) unfairly strains the meaning of "term of imprisonment." 14] Rather, this distinction derives simply from the statutory definition of a federal sentence, which excludes presentence custody credited to another sentence.[5] *See* 18 U.S.C. § 3585(b).

Second, Lopez maintains that the agency's interpretation conflicts with our decision in *United States v. Rivers*, 329 F.3d 119 (2d Cir. 2003). In *Rivers*, the defendant pled guilty to a

---

[5] Fatal to Lopez's argument in this respect is his failure to appreciate fully the accepted definition of a federal sentence. While he maintains that he should receive GCT based on the 132-month term originally announced by the district court at his sentencing hearing, it is incontrovertible that Lopez's federal sentence was 38 months. *See Gonzalez*, 192 F.3d at 354 (presentence custody credited to a related state sentence cannot form part of a defendant's federal sentence); *Labeille-Soto*, 163 F.3d at 98 (a federal sentence cannot commence prior to the date on which it is imposed). Indeed, Lopez concedes that his sentence could not begin prior to when he was sentenced in district court.

single count of distribution of crack cocaine in violation of 21 U.S.C. § 841(A)(1), based on which he was required to "'be sentenced to a term of imprisonment . . . not less than 5 years.'" *Id.* at 120-21 (quoting 21 U.S.C. § 841(b)(1)(B)). At sentencing, the district court first determined that a 64-month sentence was appropriate, which fell within the applicable 60 to 71-month Sentencing Guidelines range, and then *sua sponte* granted Rivers an 18-month adjustment under U.S.S.G. § 5G1.3(b) based on time he had already served in state prison on a related drug offense, which resulted in a remaining sentence of 46 months. *See id.* at 121. The Government argued on appeal that because 21 U.S.C. § 841(b)(1)(B) mandated a minimum five-year sentence, the district court lacked the authority under U.S.S.G. § 5G1.3(b) to adjust Rivers's sentence below this statutory threshold. *See id.* at 122. We rejected this argument, holding that while an adjustment under § 5G1.3(b) was neither a departure from the Sentencing Guidelines nor a credit against the minimum sentence,

> [T]he effect of an adjustment is similar to that of a credit. In that sense, the adjustment is no less proscribed by the statutory minimum than where the prisoner is credited by the BOP for time already served. So long as the total period of incarceration, after the adjustment, is equal to or greater than the statutory minimum, the statutory dictate has been observed and its purpose accomplished. Here, Rivers was sentenced to an aggregate period of 64 months, above the minimum sentence mandated by 21 U.S.C. § 841(b)(1)(B). At the end of the day, the resulting adjusted sentence the district court imposed for the totality of the conduct amounts to the sentence intended by the statute.

*Id.* at 122 (internal citations omitted). Lopez points to *Rivers* as requiring that a 18 U.S.C. § 3585(b) "credit" and a U.S.S.G. § 5G1.3(b) "adjustment" be treated as functionally similar, thus barring the BOP from awarding GCT as to the former but not as to the latter. We disagree.

Although we held in *Rivers* that a U.S.S.G. § 5G1.3(b) adjustment should be treated similarly to a 18 U.S.C. § 3585(b) credit, we did so specifically in the context of interpreting the

21

phrase "sentenced to a term of imprisonment" as used in 21 U.S.C. § 841(b)(1)(B), a statute markedly different from 18 U.S.C. § 3624(b). *See Rivers*, 329 F.3d at 122. In doing so, we relied on decisions by our sister circuits construing criminal statutes containing analogous statutory-minimum provisions, which mandated that a defendant "shall be . . . imprisoned not less than" a certain number of years. *Id.* (citing, e.g., *United States v. Drake*, 49 F.3d 1438, 1440-41 (9th Cir. 1995)). In response to the Government's claim that those decisions were distinguishable, we held there was no reason to apply a different rule for 21 U.S.C. § 841, despite the fact that statute used the phrase "sentenced" as opposed to "imprisoned," since it would be illogical to permit adjustments for some criminal statutes but disallow them as to others. *See id.* at 122-23. This reasoning is inapplicable to this case. Unlike *Rivers*, there is no logical analogue here between 18 U.S.C. § 3624, which governs the BOP's administration of GCT, and 21 U.S.C. § 841, which concerns the appropriate punishment for a criminal offense. On that basis alone, we see no reason why *Rivers* should preclude the distinction drawn by the agency between § 3585(b) and § 5G1.3(b) for purposes of calculating GCT. *See also Schleining*, No. 10-35792, 2011 WL 2519548 at *5 (holding that *Drake*, 49 F.3d 1438, in which the Ninth Circuit announced a rule functionally analogous to our holding in *Rivers*, was inapplicable to that court's determination of the relationship between § 3585(a) and § 3624(b)). In any event, the point is not that a § 3585(b) "credit" and a §5G1.3(b) "adjustment" are similar. No one, including the BOP, could reasonably dispute with respect to determining the length of a prison term for a federal offense that application of either of these achieves the same functional result. What is relevant here—and what was *not* at issue in *Rivers*—is how a "credit" and an "adjustment" differ with respect to the administration of a federal sentence. As the above makes

22

clear, the BOP has persuasively shown that for purposes of calculating GCT, whether a defendant receives a "credit" or an "adjustment" for time spent in presentence custody has significant consequences since the latter does not form part of the defendant's federal sentence.

Finally, Lopez advances a number of broader challenges to the validity of the BOP's reasoning, asserting that the agency's construction of § 3624(b) makes accrual of GCT contingent on the fortuity of a defendant's federal sentencing date, and the agency's distinction between a credit and an adjustment results in unwarranted sentence disparities between similarly situated defendants.

We acknowledge that in theory, if Lopez's federal sentencing had proceeded more swiftly, the amount of time adjusted by the district court under § 5G1.3(b) might have been smaller given the shorter period of presentence custody, which in turn could have resulted in a longer federal sentence—a longer "term of imprisonment"—and a larger potential GCT award. But we reject Lopez's contention that this possibility makes the accrual of GCT fortuitous, let alone arbitrary. A statutory interpretation can founder on this basis if it is absurd, *see Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 160 (2d Cir. 2007) ("[I]t is an elemental principle of statutory construction that an ambiguous statute must be construed to avoid absurd results."), and the construction advanced by the agency falls far short of this threshold. There are numerous circumstances in which the date of a defendant's sentencing will bear upon the ultimate length of the sentence imposed. *See*, *e.g.*, *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010) (holding that a defendant was not eligible for a sentence reduction under new legislation because he was sentenced prior to the enactment of the relevant statute); *Labeille-Soto*, 163 F.3d at 99 (holding that if a defendant happens to complete a prior state sentence before the date on which he is

23

sentenced in district court, the court may not order that his federal sentence run concurrently with his state prison term under U.S.S.G. § 5G1.3). While Lopez alleges that the agency's interpretation of § 3624(b) deprived him of a substantial GCT award, even if Lopez had been sentenced on the day he pled guilty—and assuming all other facts remain the same—at most, he would have been eligible for approximately 40 additional days of GCT.[6] Although we in no way discount the significance of this additional prison time, we are not persuaded that this potential result renders the BOP's interpretation absurd.

We also reject Lopez's assertion that the BOP treats similarly situated defendants differently without any rational justification. While the overall length of imprisonment ordered by a district court for a particular federal offense will be approximately the same regardless of whether a defendant receives a § 3585(b) credit or a § 5G1.3(b) adjustment, the federal sentence imposed in either case is different because in the latter circumstance, the defendant's presentence custody has already been credited to a separate state offense. Lopez suggests this is too fine a distinction to justify awarding GCT differently among defendants who receive a credit rather than an adjustment, but for reasons already discussed, we are persuaded that the agency's decision to base its interpretation of § 3624(b) on the precise definition of a federal sentence follows logically from a distinction already codified by Congress under 18 U.S.C. § 3585. In

_____

[6] As noted above, *see supra* at 5, Lopez pled guilty on September 25, 2007. Had he been sentenced on that date, as opposed to on June 19, 2008, the district court could have awarded Lopez an 85-month adjustment under U.S.S.G. § 5G1.3(b) based on presentence custody served for his related state offense, which once subtracted from the announced 132-month term, would have resulted in a total federal sentence of 47 months—nine months longer than the sentence actually imposed. Under 18 U.S.C. § 3624(b), Lopez would have been eligible for approximately 40 additional days of GCT for those nine months. *See generally Barber*, 130 S. Ct. at 2502-03, 2511 (discussing how GCT is calculated for periods of imprisonment less than one year).

24

any event, the Supreme Court has recognized that while "[i]t may seem unwise policy to treat defendants differently . . . when they are similarly situated in fact," *Reno v. Koray*, 515 U.S. 50, 64 (1995), this is not sufficient to undermine the BOP's construction of a statute where a legal distinction predominates, *cf.* at 62-64(holding that, while an inmate confined in a community treatment center after having been "detained" and committed to the BOP's custody, and an inmate "released" to such a center on bail were similarly situated, in fact, their relative positions were legally distinct because the former remained subject to BOP control, and thus was eligible for a credit under 18 U.S.C. § 3585(b)).

## CONCLUSION

For the foregoing reasons, we are persuaded by the BOP's interpretation of 18 U.S.C. § 3624(b), which limits the award of GCT to the term of imprisonment constituting a defendant's federal sentence as defined under 18 U.S.C. § 3585; accordingly, we defer to that interpretation under *Skidmore*, 323 U.S. 134.

We therefore REVERSE the judgment of the district court and REMAND with instructions to dismiss Lopez's 28 U.S.C. § 2241 petition.

CALABRESI, *Circuit Judge*, concurring:

I believe the conclusion reached by the BOP is, as demonstrated by this Court's opinion, quite sustainable. I am therefore concurring in that opinion in full (including in its skepticism about some of the arguments made by the BOP). I am also, however, quite sympathetic to the concerns inherent in the opinion of the district court in this case. As the opinion of our Court demonstrates, it would be far from impossible to come out the opposite way. Given what seems to me to be Congress's intent to give people who are imprisoned significant incentives to behave with "exemplary compliance with institutional disciplinary regulations," 18 U.S.C. § 3624(b)(1), and given the clear desirability of encouraging such behavior, both for the purposes of prison discipline and for what exemplary conduct might presage for behavior after release, it seems to me highly desirable to read the Good Conduct Time language as broadly as possible. We do owe deference, however, even if only *Skidmore*. But I take this occasion to urge the BOP to reconsider its position and, after appropriate hearings, perhaps to issue a regulation coming out the opposite way from what we today approve. Such a regulation would, in all likelihood, be entitled to *Chevron* deference.