11-5052-pr
Singh v. Napolitano

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Court of International Trade, One Federal Plaza, in the City of New York, on the 16th day of October, two thousand twelve.

PRESENT:   REENA RAGGI,
               PETER W. HALL,
               SUSAN L. CARNEY,
                    *Circuit Judges*.

-----------------------------------------------------------------------

BILLA SINGH,
                 *Petitioner-Appellant*,


         v.                            No.  11-5052-pr

JANET NAPOLITANO, in her official capacity, Secretary, Department of Homeland Security, ALEJANDRO MAYORKAS, in his official capacity, Director, United States Citizenship and Immigration Services, EMILIA BARDINI, in her official Capacity, Director, San Francisco Asylum Office, United States Citizenship and Immigration Services, SUSAN RAUFSER, in her official capacity, Director, Newark Asylum Office, United States Citizenship and Immigration Services, MICHAEL PHILLIPS, in his official capacity, Field Office Director, Buffalo ICE

Detention and Removal Office, United States Department of
Homeland Security,

*Respondents-Appellees.*

--------------------------------------------------------------------------

APPEARING FOR APPELLANT:    ROBERT D. KOLKEN (Julie Kruger, *on the brief*), Kolken & Kolken, Buffalo, New York.

APPEARING FOR APPELLEES:    SHEREASE PRATT, Trial Attorney (Stuart F. Delery, Acting Assistant Attorney General; David J. Kline, Director, District Court Section; Colin A. Kisor, Deputy Director, *on the brief*), U.S. Department of Justice, Civil Division, Office of Immigration Litigation, District Court Section, Washington, D.C.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 20, 2011, is VACATED and the petition is REMANDED to the district court with instructions to DISMISS the petition.

Petitioner Billa Singh, a native and citizen of India, who illegally entered this country in 1993, appeals from a judgment denying his 28 U.S.C. § 2241 petition for a writ of habeas corpus, in which he alleges that the government violated applicable regulations in rescinding a grant of asylum that Singh procured in 1995 having failed to disclose that, under a different name, he had already been denied asylum and ordered excluded from the United States in

1994.[1] We review de novo a district court's denial of a petition for a writ of habeas corpus under § 2241. See Lopez v. Terrell, 654 F.3d 176, 180 (2d Cir. 2011). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate the judgment and remand the petition to the district court with instructions to dismiss it for lack of jurisdiction.

"At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention . . . ." INS v. St. Cyr, 533 U.S. 289, 301 (2001). Thus, to prevail on his habeas petition, Singh must demonstrate that he is subject to Executive custody because of the Executive's errors of law. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 327–28 (2d Cir. 2006) (describing historical scope of habeas review of immigration detention as broadly encompassing "errors of law"). Singh maintains that the fact that he is subject to a final order of removal "is sufficient, by itself, to establish the requisite custody for purposes of 28 U.S.C. § 2241." Habeas Pet. ¶ 2, J.A. 7 (citing Simmonds v. INS, 326 F.3d 351, 356 (2d Cir. 2003)); see 8 U.S.C. § 1231(a)(2), (3) (requiring Attorney General to detain alien subject to final order of removal or place alien under supervision if not removed within 90 days of date removal order becomes final). He

---

[1] The district court determined that it had jurisdiction to consider Singh's complaint only as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because Singh does not argue on appeal that other statutory authority provides a basis for jurisdiction over his complaint, he has abandoned any such argument. See Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011).

3

asserts that his custody pursuant to a final order of removal is illegal because he was granted asylum, a status precluding removal from the United States. See 8 U.S.C. § 1158(c)(1)(A). He argues that immigration officials' attempts to "rescind" his asylum were legally invalid because the former Immigration and Naturalization Service ("INS"), the predecessor agency to the U.S. Citizenship and Immigration Service ("USCIS"), failed to follow procedures set forth in applicable regulations mandating that, before termination of a grant of asylum, an asylee "be given notice of intent to terminate," an "interview" with an asylum officer, and the "opportunity to present evidence showing that he . . . is still eligible for asylum." 8 C.F.R. § 208.24(c). Accordingly, Singh seeks a declaration that the rescission of his asylum was ultra vires and violated his due process rights, and he seeks an order compelling the USCIS to provide him with the asylum termination interview to which he is entitled under applicable regulations.

Singh asserts that his habeas petition does not challenge the validity or execution of his removal order, a claim that would be subject to the jurisdictional limitations of 8 U.S.C. § 1252. It is apparent, however, that the true error of law identified in his petition is the Executive's legal conclusion that he is subject to a final order of removal. Indeed, Singh alleges that he is subject to the final order of removal only "[b]ecause of the unlawful and unconstitutional acts of the Respondents in 'rescinding' [his] asylum status without due process of law." Habeas Pet. ¶ 45, J.A. 18. Adjudicating Singh's petition would require this court to determine whether he is presently an asylee who may not be removed from the

4

United States absent formal termination of such status consistent with 8 C.F.R. § 208.24(c).

Thus, Singh's habeas petition indirectly challenges the validity of his final order of removal

and the Attorney General's ability to execute that order, raising jurisdictional concerns. Cf.

Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (holding "that section 1252(a)(5)'s

jurisdictional bar applies equally to preclude . . . an indirect challenge" to final order of

removal, where petitioner sought writ of mandamus to compel USCIS to adjudicate I-212

application for permission to reapply for admission).

Title 8 U.S.C. § 1252(a)(2)(D) retains jurisdiction for the federal courts to decide

questions of law presented by a final order of removal if they are raised in a petition for

review of final agency action. That jurisdiction is, however, statutorily cabined so that "a

petition for review filed with an appropriate court of appeals in accordance with this section

shall be the sole and exclusive means for judicial review of an order of removal," exclusive

even of "habeas corpus review pursuant to section 2241 of Title 28." 8 U.S.C. § 1252(a)(5);

see Luna v. Holder, 637 F.3d 85, 94 (2d Cir. 2011) (observing that this court has construed

§ 1252(a)(2)(D) to provide jurisdiction to review "same types of issues that courts

traditionally exercised in habeas review over Executive detentions" (internal quotation marks

omitted)). Meanwhile, 8 U.S.C. § 1252(g) makes clear that a decision by the Attorney

General to "execute" a final order of removal is not subject to judicial review. Accordingly,

because Singh acted contrary to these provisions in employing a habeas petition effectively

5

to challenge the validity and execution of his removal order, the federal courts are jurisdictionally barred from reviewing his claims.

Even if Singh's habeas petition were an appropriate vehicle to raise a legal challenge to the agency's rescission of his grant of asylum, and, therefore, its decision to remove him, we would still lack jurisdiction to review the legality of the agency's actions because Singh failed to exhaust his administrative remedies. Pursuant to 8 U.S.C. § 1252(d)(1), "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right," id., a requirement that is "jurisdictional, not merely mandatory," Grullon v. Mukasey, 509 F.3d 107, 112 (2d Cir. 2007). Although Singh filed a brief in opposition to the INS field office's sua sponte motion to reconsider and possibly rescind his grant of asylum, see 8 C.F.R. § 103.5(a)(5)(ii) (requiring field officer to provide affected party 30 days to submit brief), Singh failed to seek any further agency review of the rescission decision, despite the INS field office's instructions that he could pursue his asylum claim in the Immigration Court. Instead, Singh filed a petition for a writ of habeas corpus in the United States District Court for the Western District of New York, which transferred the petition to the Ninth Circuit as a petition for review of his removal order pursuant to the REAL ID Act. When the Ninth Circuit dismissed Singh's petition for review of the removal order, he filed a second habeas petition in the Western District of New York. Thus, Singh's failure to exhaust administrative remedies as to any claimed defects in rescission of his grant of asylum is another reason why we lack jurisdiction over his petition.

6

Our determination that we lack jurisdiction makes it unnecessary to address Singh's argument that the district court erred in granting the government summary judgment because he was not prejudiced by the INS's failure to comply with the procedures specified in 8 C.F.R. § 208.24(c). As a general rule, "[p]arties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). Where procedures are promulgated to ensure constitutional due process to persons granted asylum who face rescission of that status, however, such a showing of prejudice with respect to the final result may not be necessary. See Waldron v. INS, 17 F.3d 511, 518 (2d Cir. 1993) (holding that petitioner need not show prejudice from INS's failure to adhere to regulation, and remand to agency is required if "regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute"). Nevertheless, Singh fails to demonstrate that the alleged § 208.24(c) error deprived him of constitutional due process. As the Supreme Court has ruled: "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). This standard is a flexible one. The INS gave Singh 30 days "to provide any rebuttal argument or information in response to INS's intention to rescind [his] grant of asylum." JA 57. Singh then filed a timely brief in which he argued that the INS did not follow its procedures and requested an interview regarding the rescission. In its

7

Rescission Notice dated April 23, 2001, the INS informed Singh that he "failed to overcome the grounds for rescission stated in the motion to reconsider." JA 67. Even if these procedures did not afford the specific process detailed in § 208.24(c), they satisfied the constitutional requirements of a meaningful opportunity to be heard. Morever, it seems unlikely that compliance with § 208.24(c) procedures would yield any different result in this case, given that § 208.24(a) provides for the termination of asylum upon "a showing of fraud in the alien's application."

In sum, because Singh raises the alleged § 208.24(c) error in a manner that effectively challenges a final order of removal, which may not be pursued as a § 2241 petition and, in any event, is unexhausted in the agency, the federal courts lack jurisdiction to hear Singh's claim.

Accordingly, the judgment is VACATED and the petition is REMANDED to the district court with instructions to DISMISS the petition for lack of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8