12-2685-pr
Portillo v. Bharara

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 3rd day of June, two thousand thirteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                     *Circuit Judges*.

---

ALFONSO PORTILLO,

                     *Petitioner-Appellant*,

        -v-                                                  12-2685-pr

PREET BHARARA, UNITED STATES ATTORNEY FOR
THE SOUTHERN DISTRICT OF NEW YORK,

                     *Respondent-Appellee.*

---

Appearing for Appellant:     Andrew J. Frisch (Jeremy B. Sporn, *on the brief*), The Law Offices
                             of Andrew J. Frisch, New York, N.Y., Glenn W. MacTaggart,
                             Prichard Hawkins McFarland & Young LLP, San Antonio, T.X.

Appearing for Appellee:      Rachel P. Kovner (Jennifer G. Rodgers, *on the brief*), Assistant
                             United States Attorneys, *for* Preet Bharara, United States Attorney
                             for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Petitioner-Appellant, Alfonso Portillo appeals from the district court's order entered on May 11, 2012 dismissing Portillo's writ of habeas corpus petition pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. In its order, the district court found Petitioner, a Guatemalan citizen, had failed to establish that Respondent-Appellee, Preet Bharara the United States Attorney for the Southern District had constructive custody over Portillo. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews rulings on jurisdictional issues *de novo*. *See Lopez v. Terrell*, 654 F.3d 176, 180 (2d Cir. 2011). The federal district courts, as courts of limited jurisdiction, possess only such authority as is conferred by an act of Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 2241, a federal court is authorized to grant a habeas petition where a prisoner has established that he is "in custody under or by color of the authority of the United States" or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3).

That the petitioner be "in custody" is a "jurisdictional prerequisite" for the granting of a habeas petition, *Simmonds v. INS*, 326 F.3d 351, 354 (2d Cir. 2003). However, habeas jurisdiction is not limited "to situations in which the applicant is in actual physical custody." *See Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 295 (1984). Instead, constructive custody may be sufficient. *See Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). To establish constructive custody, a petitioner must show that his movements are "restrained by authority of the United States." *Shaughnessey v. United States ex. rel. Mezei*, 345 U.S. 206, 213 (1953). This requires more than a showing that the foreign country has acted favorably on an extradition request from the United States pursuant to its own domestic laws. *Cf. Kiyemba v. Obama*, 561 F.3d 509, 515 n.7 (D.C. Cir. 2009) (observing that a foreign sovereign cannot be viewed as an agent of the United States merely because we "engage[] in dialogue to ascertain or establish what measures the receiving government intends to take pursuant to its own domestic laws" while making "independent determinations" to ensure detainee will not pose continued threat to United States) (citation and quotation marks omitted), *cert denied*, 130 S. Ct. 1880 (2010).

In its opinion, the district court dismissed the petition for lack of jurisdiction finding Petitioner was not in constructive custody of the United States. On appeal, Petitioner contends that he established constructive custody because Guatemalan authorities are acting on behalf of and at the direction of the United States. To establish this claim, Petitioner cites to statements allegedly made in 2008 by the United States Ambassador to Guatemala representing that he would "not rest" until Portillo was imprisoned. Portillo also quotes from a leaked diplomatic cable in which the Ambassador called Portillo's arrest in Guatemala a "major victory" for the United States. Further, Portillo analogizes his situation to that of the American citizen whose detention in Saudi Arabia prompted jurisdictional discovery in *Abu Ali v. Ashcroft*, 350 F. Supp.

2

2d 28, 67-68 (D.D.C. 2004) (stating that jurisdictional discovery could establish constructive custody by enquiring into several factors including whether "(i) Abu Ali was detained at the behest of United States officials; (ii) his ongoing detention is at the direction of the United States enlisting a foreign state as an agent or intermediary who is indifferent to the detention of the prisoner; (iii) he is being detained in the foreign state to deny him an opportunity to assert his rights in a United States tribunal; and (iv) he would be released upon nothing more than a request by the United States").

Neither the proffered statements nor the cited cases plausibly support Portillo's claim that he is in the constructive custody of the United States while detained in Guatemala awaiting extradition. Unlike the petitioner in *Abu Ali*, Portillo is a Guatemalan citizen and was arrested by Guatemalan authorities in Guatemala where he continues to be detained. Although Portillo's alien status and detention outside the United States do not necessarily preclude a finding of constructive custody, *see Rasul v. Bush*, 542 U.S. 466 (2004), Petitioner did not present clear evidence of substantial United States control over his detention. Rather, Guatemalan courts have reviewed and continually upheld Petitioner's extradition and Guatemalan authorities have not yet allowed him to be extradited to the United States, actions that all bespeak Guatemalan control, rather than the constructive custody of the United States. Indeed, insofar as Portillo faults the United States for not disclosing in its extradition request that it does not view money laundering as an extraditable offense under the applicable treaty—a dubious assertion in light of the governing documents' plain language—any such omission is immaterial in light of Portillo's concession at oral argument that Guatemalan law calls for officials to review extradition requests only for facial validity. *Cf. Cheung v. United States*, 213 F.3d 82, 88 (2d Cir. 2000) (describing our own "narrow" review of extradition orders issued by United States).[1]

Moreover, the United States is not keeping Portillo in Guatemala to "avoid constitutional scrutiny by American courts"– in fact extradition is an attempt to have the opposite effect. *Abu Ali*, 350 F. Supp. 2d at 67. Therefore this case is also distinguishable from situations where jurisdiction over a habeas petition arises to protect the fundamental right of a citizen to be free from involuntary, indefinite confinement by the government without due process. *See Hamdi v. Rumsfeld*, 542 U.S. 507 (2004). Instead, Portillo may obtain process both currently in the courts of Guatemala and subsequently in the courts of the United States if he is extradited. Thus, where Petitioner is a foreign citizen in a foreign state, *cf. Jones*, 371 U.S. at 239 (stating jurisdiction is available to aliens seeking entry *into* the United States); *see also Braden v. 30th Judicial Circuit Ct. of Ky*, 410 U.S. 484, 498 (1973) (stating *American citizens* confined overseas may not face a jurisdictional obstacle) and where Petitioner fails to present sufficient evidence of United States involvement in his arrest and subsequent imprisonment, *cf. Abu Ali*, 350 F. Supp. 2d at 67-68, we conclude the district court correctly found no constructive custody.

---

[1] Portillo says that the United States did not have the authority to seek his extradition under the relevant treaties. The United States counters that the interpretation of our extradition treaty is a political question over which we have no jurisdiction. We are inclined to doubt the validity of both arguments. But for the reasons stated in the text, we do not believe that we need to decide those issues in order to rule on whether habeas currently lies.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk