Reversed and remanded by published PER CURIAM opinion. Judge MOTZ wrote an opinion concurring in the judgment, in which Judges MICHAEL, KING, and GREGORY joined. Judge TRAXLER wrote an opinion concurring in the judgment, in Part II of which Judge NIEMEYER joined. Judge GREGORY wrote an opinion concurring in the judgment. Chief Judge WILLIAMS wrote an opinion concurring in part and dissenting in part, in which Judge DUNCAN joined. Judge WILKINSON wrote an opinion concurring in part and dissenting in part. Judge NIEMEYER wrote an opinion concurring in the judgment in part and dissenting in part. Judge DUNCAN wrote an opinion concurring in part and dissenting in part. Judge SHEDD did not participate in this case.
OPINION
PER CURIAM:
Ali Saleh Kahlah al-Marri filed a petition for a writ of habeas corpus challenging his military detention as an enemy combatant. After the district court denied all relief, al-Marri noted this appeal. A divided panel of this court reversed the judgment of the district court and ordered that al-Marri’s military detention cease. See Ail-Marri v. Wright, 487 F.3d 160 (4th Cir.2007).
Subsequently, this court vacated that judgment and considered the case en banc. The parties present two principal issues for our consideration: (1) assuming the Government’s allegations about al-Marri are true, whether Congress has empowered the President to detain al-Marri as an enemy combatant; and (2) assuming Congress has empowered the President to detain al-Marri as an enemy combatant provided the Government’s allegations against him are true, whether al-Marri has been afforded sufficient process to challenge his designation as an enemy combatant.*
Having considered the briefs and arguments of the parties, the en banc court now holds: (1) by a 5 to 4 vote (Chief Judge Williams and Judges Wilkinson, Niemeyer, Traxler, and Duncan voting in the affirmative; Judges Michael, Motz, King, and Gregory voting in the negative), that, if the Government’s allegations about al-Marri are true, Congress has empowered the President to detain him as an enemy combatant; and (2) by a 5 to 4 vote (Judges Michael, Motz, Traxler, King, and Gregory voting in the affirmative; Chief Judge Williams and Judges Wilkinson, Niemeyer, and Duncan voting in the negative), that, assuming Congress has empowered the President to detain al-Marri as an enemy combatant provided the Government’s allegations against him are true, al-Marri has not been afforded sufficient process to challenge his designation as an enemy combatant.
*217 Accordingly, the judgment of the district court is reversed and remanded for further proceedings consistent with the opinions that follow.

REVERSED AND REMANDED

 We deny the Government’s motion to dismiss this case for lack of jurisdiction. The Government relied on section 7 of the Military Commissions Act (MCA) of 2006, Pub.L. No. 109-366, 120 Stat. 2600, which amended the Detainee Treatment Act (DTA) of 2005, Pub.L. No. 109-148, § 1005(e)(1), 119 Stat. 2680, 2741-42. After we heard en banc argument in this case, the Supreme Court declared section 7 of the MCA unconstitutional. See Boumediene v. Bush,-U.S.-, 128 S.Ct. 2229, --, 171 L.Ed.2d 41, slip op. at 64 (June 12, 2008). The Government now concedes that we have jurisdiction over al-Mar-ri's habeas petition.