**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BERNARD J. DRAPEAU, JR.,

       Petitioner-Appellant,

v.

RENE G. GARCIA, Warden,

       Respondent-Appellee.

No. 10-1009
(D.C. No. 09-cv-2198-ZLW-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.


      Bernard J. Drapeau, Jr., a federal prisoner proceeding pro se, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas

corpus.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment

of the district court.

---

[*]    This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.  After examining the briefs and the
appellate record, this three-judge panel has determined unanimously that oral
argument would not be of material assistance in the determination of this appeal.
*See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.

Mr. Drapeau was convicted and sentenced on drug charges in the United States District Court for the District of South Dakota. He is now serving his sentence for that conviction in the custody of the Bureau of Prisons in Colorado. Seeking release from incarceration, Mr. Drapeau filed in the United States District Court for the District of Colorado a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleged that his conviction was invalid because he was not subject to federal jurisdiction. He also raised a due process claim.

The district court dismissed the petition, concluding that Mr. Drapeau sought to challenge the validity, not the execution, of his sentence; consequently, reasoned the court, Mr. Drapeau's suit should have been brought in the District of South Dakota under 28 U.S.C. § 2255—not in the District of Colorado under 28 U.S.C. § 2241. The district court noted that the purposes of § 2241 and § 2255 are "distinct and well established." R. at 47 (Order of Dismissal, filed Jan. 7, 2010). "'A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.'" *Id.* (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). "'A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence.'" *Id.* (quoting *Bradshaw*, 86 F.3d at 166 (citations omitted)).

As with all rules, this one has an exception: if a prisoner can show that § 2255 is "inadequate or ineffective" to attack the validity of a judgment or

sentence, then he may seek such relief under § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). But this is only available in "extremely limited circumstances." *See id.* (collecting examples of inadequate and ineffective remedies under § 2255). Here, the district court concluded that Mr. Drapeau failed to present "any reasoned argument" that § 2255 did not offer an adequate or effective remedy for his claim, R. at 48, so it dismissed his § 2241 petition, *id.* at 49. The district court also denied Mr. Drapeau's motion, made pursuant to 28 U.S.C. § 1915, to proceed on appeal *in forma pauperis*, concluding that Mr. Drapeau had not appealed in good faith and had not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." R. at 58 (Order, filed Jan. 22, 2010).

Mr. Drapeau appeals, contending that the district court erred in dismissing his § 2241 petition. Our review is de novo. *Bradshaw*, 86 F.3d at 166. Even under that generous standard, and even construing his pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Mr. Drapeau gives us no reason to think that the district court erred. To the contrary, we agree that he challenges the validity, not the execution, of his sentence. Therefore, ordinarily, Mr. Drapeau's suit should have been brought under § 2255. And, because Mr. Drapeau has failed to establish that § 2255 would not offer an adequate and effective remedy, his petition under § 2241 was properly dismissed.

Thus, for substantially the reasons given by the district court, we **AFFIRM** the dismissal of Mr. Drapeau's § 2241 petition. We also agree with the district court that Mr. Drapeau's appeal is not taken in good faith, so we **DENY** his motion to proceed *in forma pauperis*.

Entered for the Court


JEROME A. HOLMES
Circuit Judge