**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODNEY B. ALLEN,

       Petitioner - Appellant,

v.

TERESA RHODES, Warden,

       Respondent - Appellee.

No. 13-1331
(D.C. No. 1:13-CV-01315-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Pro se[1] federal inmate Rodney Allen appeals from the district court's

dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus and moves

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      Because Mr. Allen is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

for leave to proceed *in forma pauperis* ("IFP").  For the reasons that follow, the district court's judgment is **affirmed** and Mr. Allen's motion to proceed IFP is **denied**.

## I

In the Northern District of Texas, Mr. Allen was charged and convicted with possessing a firearm as a felon.  *See United States v. Allen*, 136 F.3d 137, 1998 WL 30039, at *1 (5th Cir. 1998) (per curiam) (unpublished).[2]  The Fifth Circuit affirmed the conviction on appeal.  *Id.*  Mr. Allen later unsuccessfully filed a motion under 28 U.S.C. § 2255 contesting the validity of his conviction.

After the rejection of his § 2255 motion, Mr. Allen filed a § 2241 petition

---

[2]    The respondent has not entered an appearance, either in the district court or here.  Therefore, the only documents in the record relating to the factual history of the case are the ones submitted by Mr. Allen as attachments to his petition, and those documents are scattered and incomplete.  Accordingly, we draw the factual history from the Fifth Circuit's affirmance of Mr. Allen's conviction and from the district court's findings in this case, which Mr. Allen does not contest on appeal.  *See al-Marri v. Davis*, 714 F.3d 1183, 1186 (10th Cir.) ("When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous."), *cert. denied*, --- U.S. ----, 134 S. Ct. 295 (2013); *Butler v. Hamilton*, 542 F.2d 835, 838 (10th Cir. 1976) ("The burden of demonstrating that findings are clearly erroneous is a heavy one and appellants must point out specifically where the findings of the trial court are clearly erroneous."); *see also Ute Mountain Ute Tribe v. Rodriguez*, 660 F.3d 1177, 1195 n.25 (10th Cir. 2011) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (alteration in original) (quoting *St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)) (internal quotation marks omitted).

in the District of Colorado, again challenging his conviction. The district court ordered Mr. Allen to show cause as to why the remedy available for his claim under § 2255 was inadequate or ineffective, thereby allowing him to bring a § 2241 petition. *See Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013) (explaining that federal prisoners may challenge their convictions under § 2241 only where the remedy they seek is inadequate or ineffective under § 2255), *cert. denied*, --- U.S. ----, 134 S. Ct. 1874 (2014). Finding Mr. Allen's response to the show-cause order unpersuasive, the district court dismissed the petition for lack of statutory jurisdiction. It found that Mr. Allen failed to show that the remedy under § 2255 was inadequate or ineffective. The district court also certified that any appeal from its order would not be taken in good faith, and consequently denied IFP status for the appeal. Mr. Allen filed a timely notice of appeal. The district court again found that the appeal was not taken in good faith and denied Mr. Allen's motion to proceed IFP on appeal.

## II

Mr. Allen's brief is comprised in its entirety of the following arguments: (1) his confinement is illegal; (2) the district court and law enforcement officials erred by not investigating alleged misconduct committed by other officials; and (3) he should be allowed to present evidence to substantiate his claim. None of these assertions bears any relationship to the district court's rationale for dismissing the petition, i.e., that the petition challenged Mr. Allen's conviction

3

and consequently could only be brought under § 2241 if the remedy made available by § 2255 was inadequate or ineffective—something Mr. Allen had not shown. We have no obligation to scrutinize the district court's reasoning on points that are unchallenged on appeal. *See Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011). In essence, Mr. Allen declines to articulate a disagreement with *any* aspect of the district court's reasoning for dismissing his petition. Even giving Mr. Allen's pro se brief the liberal construction to which it is entitled, it still therefore offers not nearly enough to warrant reversal. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) ("Because [the plaintiff] is pro se, we liberally construe his filings, but we will not act as his advocate."). Accordingly, the district court's dismissal is affirmed. *Cf. Drapeau v. Garcia*, 373 F. App'x 834, 835 (10th Cir. 2010) ("[B]ecause [the petitioner] has failed to establish that § 2255 would not offer an adequate and effective remedy, his petition under § 2241 was properly dismissed.").

### III

"[A] party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith," like Mr. Allen, "may nonetheless move this court for leave to proceed on appeal in forma pauperis . . . ." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). As indicated above, Mr. Allen offers *no* relevant argument for reversal. He consequently presents no "reasoned, nonfrivolous argument on the law and facts," *Watkins v.*

4

*Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted), and his motion to proceed IFP is therefore denied.

## IV

For the reasons set forth above, we **affirm** the district court's dismissal of Mr. Allen's § 2241 petition and **deny** his request to proceed IFP.

Entered for the Court


JEROME A. HOLMES
Circuit Judge