**La'Ron MARSHALL, Petitioner–Appellant,**

v.

**J. OLIVER, Respondent–Appellee.**

**No. 15–1341.**

United States Court of Appeals, Tenth Circuit.

April 1, 2016.

La'Ron Marshall, Florence, CO, pro se.

Michael Conrad Johnson, Juan G. Villasenor, Office of the United States Attorney, Denver, CO, for Respondent–Appellee.

Before KELLY, PORFILIO, and BALDOCK, Circuit Judges.

**ORDER AND JUDGMENT**[*]

JOHN C. PORFILIO, Circuit Judge.

La'Ron Marshall, a federal prisoner proceeding pro se, appeals from the district court's judgment denying his amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We affirm.

Mr. Marshall was charged with assault on prison staff and with refusing to obey an order. A disciplinary hearing officer conducted a hearing and found him guilty of assault. His punishment included the loss of 27 days of good time credits. Mr. Marshall filed this action seeking an ex-

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

pungement of the incident report and restoration of his lost good time credits. He alleged that at the time of the incident he was under psychological distress, but he never received a psychological evaluation prior to the disciplinary hearing. This, he asserted, deprived him of his due process rights.

The district court denied the application. It reasoned that even if a Bureau of Prisons (BOP) regulation requiring a mental-status examination in connection with disciplinary proceedings established a due-process requirement, that requirement had not been violated in Mr. Marshall's case. First, there was no evidence that he appeared mentally ill at any time. Second, he received a psychological review as a result of the incident and a 30–day review five days prior to the incident, neither of which revealed any mental health concerns. Third, a staff psychologist at the prison provided her clinical opinion in connection with the disciplinary proceedings that Mr. Marshall was competent and responsible for his actions at the time of the incident. Finally, Mr. Marshall had made inconsistent statements about whether he received a psychological examination prior to the hearing. Given these facts, the record clearly established that Mr. Marshall was provided due process at his prison disciplinary hearing and was therefore not entitled to the requested relief.

"When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *al-Marri v. Davis,* 714 F.3d 1183, 1186 (10th Cir.2013). We construe Mr. Marshall's pro se pleadings liberally but do not serve as his advocate. *James v. Wadas,* 724 F.3d 1312, 1315 (10th Cir. 2013).

On appeal, Mr. Marshall asserts that we should reverse because (1) he was never examined by a staff psychologist before, during, or immediately following the incident for which he was disciplined; (2) the staff psychologist lied in her affidavit filed with the district court; (3) she was not the designated psychologist in his housing unit; (4) during the incident he did not realize the nature of his actions; and (5) the disciplinary authorities should have made sure that he was not suffering from a mental defect at the time of the incident and during the disciplinary hearing before conducting proceedings and punishing him.[1]

Having reviewed the briefs, the record, and the applicable law in light of the governing standard of review, we affirm the district court's judgment for substantially the reasons stated in its order of August 11, 2015.[2] Because his appeal fails to raise any meritorious challenges to the district court's denial of his habeas petition, we deny Mr. Marshall's motion to proceed in forma pauperis and remind him of his immediate obligation to pay the filing fee in full.

---

1. In his reply brief, Mr. Marshall also argues that the hearing officer interfered with the assistance of his staff representative. "We decline to consider arguments raised for the first time in a reply brief." *United States v. Murray,* 82 F.3d 361, 363 n. 3 (10th Cir.1996).

2. In the district court, the Warden argued that Mr. Marshall had failed to exhaust his administrative remedies. "The exhaustion of available administrative remedies is a prerequisite for [seeking] § 2241 habeas relief," *Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir.2010), "[b]ut a court may deny an application on the merits without reviewing the exhaustion question," *United States v. Eccleston,* 521 F.3d 1249, 1253 (10th Cir.2008). Here, the district court properly denied Mr. Marshall's petition on the merits.