**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOHN JAY POWERS,

    Petitioner - Appellant,

v.

M.L. STANCIL,

    Respondent - Appellee.

No. 19-1067
(D.C. No. 1:18-CV-01226-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

John Jay Powers is a prisoner in the custody of the Federal Bureau of Prisons

("BOP").  Appearing pro se, Powers filed an application under 28 U.S.C. § 2241

challenging the BOP's computation of his sentences for numerous convictions in

multiple jurisdictions.  The district court denied Powers's application and he now

appeals.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The parties consented to the magistrate judge conducting all proceedings,
including the entry of a final judgment.  _See_ 28 U.S.C. § 636(c).

# I. BACKGROUND

On February 22, 1990, Powers was sentenced in case number 89-61-Cr-T-13 (08) in the Middle District of Florida to eighteen months' imprisonment for possession of a stolen motor vehicle. That same day, the court entered a separate judgment against Powers for criminal contempt arising from his conduct in the trial on the stolen vehicle charge and sentenced him to five and one-half months' imprisonment. The judgment in the criminal contempt case does not state whether the sentence should run consecutive to or concurrent with the eighteen-month sentence.

The next day, February 23, also in case number 89-61-Cr-T-13 (08), another judgment was entered on two counts of bank robbery, and Powers was sentenced to concurrent terms of 236 months' imprisonment on each count. The judgment states those sentences run consecutive to the sentences for possession of a stolen motor vehicle and criminal contempt.

Then, on March 9, in case number 89-60-Cr-T-15B, also in the Middle District of Florida, Powers was sentenced to a total term of fifteen years' imprisonment for transportation of stolen vehicles, possession of a firearm by a convicted felon, possession of an unregistered and altered firearm, interstate transportation of stolen firearms, and possession of counterfeit security. The judgment directs the fifteen-year sentence to run consecutive to the term of imprisonment in case number 89-61-Cr-T-13 (08). More than seventeen years later, on October 5, 2017, the judgment in 89-60-Cr-T-15B was vacated and a new sentencing hearing was ordered.

2

Approximately two months later, on December 18, 2017, Powers was resentenced to concurrent terms of sixty-four months' imprisonment on each count. The judgment once again directs each sentence to run consecutive to the sentences imposed in case number 89-61-Cr-T-13 (08).

Next, on May 23, 1991, Powers was sentenced in the Southern District of Indiana in case number IP 90-145-CR-01 to sixty-six months' imprisonment for bank robbery. The judgment directs the sentence to run consecutive to the sentences being served by Powers in case numbers 89-61-Cr-T-13 (08) and 89-60-Cr-T-15B from the Middle District of Florida.

Powers escaped from custody while he was an inmate at a federal correctional facility in New Jersey. Following his capture and subsequent conviction for escape and transportation of a stolen vehicle, Powers was sentenced on October 1, 2001, in case number 1:99-CR-253 in the District of New Jersey, to concurrent terms of forty-five months' imprisonment. The judgment provides the sentences should run consecutive to the sentences in case numbers 89-61-Cr-T-13 (08) and 89-60-Cr-T-15B from the Middle District of Florida; however, it is silent as to whether it should run consecutive to or concurrent with the sentence in the Southern District of Indiana.

Last, on December 11, 2013, Powers was sentenced in case number 4:15-cr-00647-FRZ-EJM in the District of Arizona, to thirty-three months' imprisonment for assault on a federal officer. The judgment directs twenty months and thirty days of the sentence to run concurrent with all four previously imposed

sentences and twelve months and one day to run consecutive to any undischarged terms of imprisonment.

In the § 2241 proceedings, Powers asked the district court "to order the []BOP to do three things[.]" R. at 359. First, "to run the . . . sentence [for criminal contempt] in 89-61-cr-T-13B . . . *concurrent* with the possession of a stolen motor vehicle count in the same case." *Id*. (emphasis added). Second, "to run the sentence" for escape and transportation of a stolen vehicle in the District of New Jersey *concurrent* to the sentence in the case from the Southern District of Indiana. *Id*. And last, "(if necessary) to recalculate [his] sentence(s) according to the vacation of the entire judgment in 89-60-cr-T-15." *Id*. Powers maintained that properly calculated, he served the sentences in full on January 2, 2018, and should have been released from custody on that date. The court considered and rejected each argument.

## II. STANDARD OF REVIEW

"When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *al-Marri v. Davis*, 714 F.3d 1183, 1186 (10th Cir. 2013). Also, we construe Powers's pro se pleadings liberally and hold him "to a less stringent standard than . . . pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "At the same time, we do not believe it is the proper function of the . . . court to assume the role of advocate for the pro se litigant." *Id*.

4

# III. ANALYSIS

## A. *Concurrent Versus Consecutive*

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Relevant here, Congress has determined how multiple sentences of imprisonment should be treated: "Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

The BOP has adopted a program statement to determine whether the terms of imprisonment were imposed by the court at the same time or at different times:

> Sentences that are imposed as the result of a single trial on the counts within a single indictment are considered to have been imposed at the same time, regardless of whether they are imposed at different times on the same date or on a later date.

> Sentences that are imposed on the same date, or on different dates, based on convictions arising out of different trials, are considered to have been imposed at different times even if the trials arose out of the same indictment.

BOP PS 5880.28, ch. 1, p. 32.

According to Powers, Program Statement 5880.28 "has been fully depleted by the ruling in" *Setser v. United States*, 566 U.S. 231 (2012), Aplt. Opening Br. at 13, which, he insists, "made clear that only the district courts have the authority to make the consecutive-vs.-concurrent decisions," *id*. at 12. To be sure, *Setser* reaffirmed the

5

courts—not the BOP—have the discretion to impose consecutive or concurrent sentences. 556 U.S. at 235-39. But Powers's reliance on *Setser* is misplaced because when the BOP determined the sentences imposed by the court on February 22, 1990, for motor vehicle theft and criminal contempt in case number 89-61-Cr-T-13 (08) were imposed at different times, it was not exercising the sentencing discretion reserved to the courts; rather, the BOP was administering the sentence as provided in § 3584(a) and the Program Statement. Similarly, when the BOP determined the sentence for escape and transportation of a stolen vehicle in case number 1:99-CR-253 should run consecutive to the sentence in the case from the Southern District of Indiana, the BOP was administering the sentence.

Powers also argues the sentences imposed on February 22, 1990, in case number 89-61-Cr-T-13 (08), should run concurrently because § 5G1.2 of the U.S. Sentencing Guidelines ("Guidelines") "seems to say that even sentences imposed on different indictments, when imposed in a consolidated sentencing proceeding, are imposed at the same time." Aplt. Opening Br. at 13 (emphasis omitted). We agree with the government "[§] 5G1.2 is not helpful to [Powers]." Aplee. Resp. Br. at 20. The commentary to the 1989 Guidelines under which Powers was sentenced provides: "*This section specifies the procedure for determining the specific sentence to be formally imposed on each count in a multiple-count case.*" Powers was not charged in a multiple count case.

Next, Powers maintains Program Statement 5880.28 does not apply to the criminal contempt sentence because only sentences arising from different *trials* are

6

considered to have been imposed at different times, and there was not a separate trial on contempt. Specifically, Powers argues "[i]t is quite a stretch to hold that a summary finding of criminal contempt constitutes a 'trial' with the meaning of [BOP] policy." Aplt. Opening Br. at 13. Nonetheless, he concedes "[n]otwithstanding the general rule of deference extended to legitimate exerci[s]es of agency authority, the courts are the final authorities on statutory construction." *Id*. at 14. We agree with the district court's construction. Although there was not a separate trial because Powers "was held in summary contempt[,] . . . [his] conviction and sentence for criminal contempt was part of a separate prosecution that resulted in a separate Judgment and was [therefore] imposed at a different time within the meaning of [Program Statement 5880.28]." R. at 372. To interpret the BOP Program Statement as requiring an actual trial would mean, for example, a sentence imposed as a result of a guilty plea could not have been imposed at a different time. Moreover, Powers has not come forward with any authority that Congress intended to exclude sentences where there was no trial from the reach of § 3584(a).

Last, there is no merit to Powers's argument his sentence for escape and transportation of a stolen vehicle in case number 1:99-CR-253 in the District of New Jersey, should be interpreted to run concurrent with his sentence in the Southern District of Indiana because the court was *aware* of the undischarged Indiana sentence and chose not to run its sentence consecutively. There is no record evidence to support this claim. And because this sentence plainly was imposed at a different time, the district court properly concluded the sentences were to run concurrently.

7

We affirm the district court's decision the BOP properly determined Powers's criminal contempt sentence should run consecutive to the sentence for motor vehicle theft and his sentence for escape and transportation of a stolen vehicle should run consecutive to his sentence for bank robbery in the Southern District of Indiana.

**B.** ***The October 5, 2017 Order to Vacate the Sentence***

Powers also claimed in his habeas application the BOP erred by failing to recalculate his sentences immediately after the judgment in case number 89-60-Cr-T-15B was vacated on October 5, 2017. Had the BOP done so, Powers argued he would have received a more favorable sentence: "[T]he sentencing court . . . would have sentenced petitioner to 'time served' on 18 December 2017." R. at 101. Alternatively, Powers argued the new sentence imposed on December 18, 2017, "was not ordered to be served consecutive to any sentence other than 89-61-CR-T-13," *id.* at 102, and therefore should be interpreted as concurrent to all other undischarged sentences.

Powers cannot raise a claim he would have received a more favorable sentence in an application under § 2241; instead, a motion under 28 U.S.C. § 2255 is "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (internal quotation marks omitted). And we have considered and rejected his second argument under the plain wording of § 3584(a), which provides: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." § 3584(a).

8

Powers also claimed in the district court that "[h]ad the []BOP re-calculated [his] sentence after the 5 October 2017 order vacating the judgment and sentence in 89-60Cr-T-(27)" and before he was resentenced in December 2017, his other sentences "would have automatically . . . discharged." R. at 114. But Powers has failed to present any evidence or authority to support this claim.

## IV.  CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge