**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**March 27, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

BROOKS TERRELL,

    Petitioner - Appellant,

v.

TRUE, Warden,

    Respondent - Appellee.

No. 22-1137
(D.C. No. 1:21-CV-02935-WJM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **KELLY**, and **ROSSMAN**, Circuit Judges.

_____

Brooks Terrell, an inmate at the United States Penitentiary, Administrative Maximum, appeals the lower court's order denying his pro se application for a writ of habeas corpus under § 2241 and dismissing his case with prejudice.[1] Mr. Terrell challenges the calculation of his federal sentence, arguing he is entitled to additional good conduct time credits under the First Step Act. Pub. L. 115–391, 132 Stat. 5194.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] There is also a pending motion for leave to proceed on appeal without prepayment of costs or fees filed by Mr. Terrell. That motion is granted.

Because the Bureau of Prisons correctly calculated Mr. Terrell's good time credits, we affirm the district court.

## I.  Background

After Mr. Terrell was convicted of several federal felonies, a judge sentenced him to 382 months in prison.  The passage of the First Step Act, which provided eligible inmates the opportunity to earn time credits for participation in certain programs, prompted the Bureau to recalculate the amount of time for which Mr. Terrell was potentially eligible.  Under the Bureau's policy, inmates who are not making progress toward their GED are only eligible for 42 days  of good time credit, instead of 54 days, in those years of incarceration where an inmate has not earned, or is not making progress toward earning, a GED.  For nine years, Mr. Terrell did not make the required progress towards a GED, resulting in the loss of 108 days of good time credits.  He has also been convicted of numerous disciplinary infractions, resulting in the loss of 674 days of good time credits.

Under the First Step Act, the Bureau calculated that Mr. Terrell was eligible for 1,718 days of good time credit at the outset of his sentence (54 days per year with the final year prorated).  That number, however, was reduced to 936 days because Mr. Terrell did not make satisfactory progress towards earning a GED and was convicted of prison disciplinary infractions.  Mr. Terrell now claims he is eligible for 2,625 days of good time credit.  In his supplemental briefing,[2] he alternatively asserts

---

[2]  The court appointed counsel and requested supplemental briefing on Mr. Terrell's arguments.

that the congressional intent behind the First Step Act is to provide inmates with seven additional days of good time credit per year.

## II.  Discussion

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253. In reviewing a district court's denial of a § 2241 application, we "review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *Al-Marri v. Davis*, 714 F.3d 1183, 1186 (10th Cir. 2013).

We find no error in the district court's denial of Mr. Terrell's habeas petition. Mr. Terrell advances three arguments: (1) the First Step Act requires the Bureau to reinstate all good time credit he would have initially been eligible for, regardless of his disciplinary history; (2) the Bureau's method of prorating eligible good time credit conflicts with the language of the First Step Act; and (3) the congressional intent behind the First Step Act is to provide inmates with a potential seven additional days of good time credit.  We are unpersuaded.

The First Step Act made significant changes to the calculation of good time credit, but it does not explicitly require restoration of good time credit properly revoked for disciplinary convictions.  Mr. Terrell does not supply any authority to suggest otherwise.  Indeed, he acknowledges as much in his supplemental briefing. While the Tenth Circuit has not addressed this particular question, the Third Circuit rejected the same argument in *Powers v. Warden Allenwood USP*, 824 F. App'x 95 (3d Cir. 2020).  We agree with the Third Circuit.

3

In *Powers*, the Third Circuit explained that the First Step Act amended the previous statute to modify the process for calculating good time credit. *Id.* at 96. The First Step Act kept the same language allowing the Bureau to determine whether an inmate "displayed exemplary compliance with institutional disciplinary regulations." *Compare* § 3624(b)(1) (effective December 21, 2018 to July 18, 2019), *with* § 3624(b)(1) (effective July 19, 2019). The plain language of the statute demonstrates that Congress meant to continue allocating the Bureau the authority to revoke good time credit for disciplinary infractions. And there is no language in the statute suggesting that the Bureau must restore good time credit already revoked for disciplinary issues.[3]

Mr. Terrell's challenge to the validity of the Bureau's policy of prorating eligible good time credit where an inmate's remaining sentence is less than a year likewise fails. The First Step Act is silent as to how to calculate good time credit for a partial year of imprisonment, and agencies like the Bureau have leeway in interpreting and implementing arguably ambiguous statutory provisions. Pub. L. 115–391, 132 Stat. 5194.[4] Because the Bureau's interpretation of the First Step Act's good time credit requirements is "based on a permissible construction of the statute,"

---

[3] Mr. Terrell asserts that the good time credits are "vested" in him. But this is contrary to the plain language of the statute: "credit awarded . . . shall vest on the date the prisoner is released from custody." 18 U.S.C. § 3624(b)(2).

[4] Mr. Terrell also argues that 28 C.F.R. § 523.20 is the Bureau's attempt to "re-litigate" the belief that the First Step Act is ambiguous. He, however, does not provide any examples where the regulations and the First Step Act conflict.

we affirm the district court. *Garcia-Mendoza v. Holder*, 753 F.3d 1165, 1168 (10th Cir. 2014) (internal quotation marks omitted).

Finally, Mr. Terrell's seven-day argument fails, too. For the first time on appeal, Mr. Terrell contends that Congress intended the Bureau of Prisons to dock fewer good time credits from inmates not making satisfactory educational advancement. But even liberally construing Mr. Terrell's filings below[5] does not permit us to recognize such an argument as properly preserved. *See Singleton v. Wulff,* 428 U.S. 106, 120 (1976) (explaining that generally a court of appeals will not consider an issue raised for the first time on appeal). Regardless, we reject this argument because it is not rooted in the text of the First Step Act and lacks support in the record or congressional documents.

### III. Conclusion

The district court's order is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[5] Mr. Terrell proceeded pro se before the district court and for a portion of this appeal, requiring the court to liberally construe those pleadings that were filed without representation. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).